# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INS. COMP., | ) CASE NO. 1:17-cv-884 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| | ) |
| WILLIAM DENT, *et al.*, | ) **OPINION & ORDER** |
| | ) |
| Defendants. | ) |

This case is before the Court on Defendant William Dent's Motion for Summary Judgment ("Motion"), Doc #: 68, on Defendant Dent Properties, LLC's ("DPL") cross claims against him. For the following reasons, Dent's Motion is **DENIED**.

## I. Background

### a. The Federal Action

Plaintiff Ohio Security Insurance Company ("OSIC") filed this tort action on April 26, 2017 against Defendants Dent and DPL. Doc #: 1. DPL filed its Answer and Cross Claim against Dent on August 25, 2017. Doc #: 23. On January 23, 2018, OSIC filed its First Amended Complaint adding Defendants Brite Metal, Inc. and AirFasco, Inc. Doc #: 36.[1] OSIC is an insurance company who insured Alsoussou & Son, Inc. ("Alsoussou"). Compl. ¶¶ 2-3. DPL is located adjacent to Alsoussou on East 55th Street in Cleveland. *Id.* ¶¶ 3-4. In May 2015, Dent sold his 100% interest in DPL to GO55, LLC ("GO55"). Doc #: 23 at ¶ 3. The transaction closed on May 1, 2015. *Id.* at ¶ 8. On or about May 2, 2015, OSIC alleges that Dent and employees, agents, and/or representatives of DPL were disposing of solid wastes by burning the waste at DPL. Compl. ¶ 14. The fire was uncontained and spread to Alsoussou, causing

---
[1] All "Compl." citations are to the First Amended Complaint.

damage. *Id.* at ¶ 15. OSIC made payments to or on behalf of Alsoussou to cover the damage caused by the fire. Id. at ¶ 17. OSIC now seeks to recover the amount of those payments from Defendants. DPL's cross claims seek to recover from Dent the damages to DPL from the fire. Doc #: 23 at ¶¶ 24-53. DPL also seeks contribution from Dent for the damages to Alsoussou. *Id.* at ¶¶ 54-56.

### b. The Stark County Action

On December 9, 2015, Dent filed a breach of contract case in the Stark County Court of Common Pleas against GO55, DPL, and GO55's principals Henry Brownell and August Garofoli (the "GO55 Defendants"). Doc #: 68-1. Dent's claims also stemmed from the sale of DPL to GO55 in May 2015. *Id.* at 2. Pursuant to the Equity Purchase Agreement of DPL to GO55 ("Agreement"), GO55 agreed to pay Dent $209,000. *Id.* GO55 and Dent also executed a cognovit promissory note ("Note"), wherein GO55 agreed to pay Dent certain monthly installment payments. *Id.* Dent alleged in the Stark County action that the GO55 Defendants failed to make the agreed-upon installment payments. *Id.* at 3. On December 16, 2015, the Stark County judge, Judge Chryssa Hartnett, entered judgment in favor of Dent on the Note. Doc #: 68-2. The GO55 Defendants filed an answer as to the breach of contract claims and counterclaims on March 21, 2016. Doc #: 68-3. The GO55 Defendants expressly stated that none of their counterclaims were intended to state a claim to recover from the damages caused by the fire at DPL. *Id.* at ¶ 17. Dent filed a Motion for Summary Judgment as to GO55's counterclaims on September 23, 2016. Doc #: 68-4. On October 11, 2016, the GO55 Defendants voluntarily dismissed their counterclaims. Doc #: 68-5. On November 30, 2016, Judge Hartnett granted summary judgment in favor of Dent on the breach of contract claims.

Doc #: 68-6. The GO55 Defendants filed a Motion for Relief from Judgment on July 26, 2017. Doc #: 68-7. Judge Hartnett denied that motion on September 19, 2017. Doc #: 68-8.

### c. The Instant Motion

Dent filed the instant Motion on August 30, 2018, arguing that DPL's cross claims are barred as a matter of law because the GO55 Defendants, including DPL, failed to pursue the cross claims as compulsory counterclaims in the Stark County case. DPL filed its Opposition brief on October 1, 2018. Doc #: 75. Dent filed his Reply brief on October 16, 2018. Doc #: 79.

## II. Analysis

Dent argues that DPL is barred from pursuing its cross claims against Dent because those cross claims should have been brought as compulsory counterclaims in the Stark County action. Mot. at 1. This Court disagrees. A compulsory counterclaim is one that (a) "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim;" and (b) "does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. PRO 13(a)(1). A "party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Bauman v. Bank of America, N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (quotation omitted). Thus, to determine whether DPL's cross claims were compulsory counterclaims in the Stark County action, the Court must determine whether they arose out of Dent's breach of contract claims. Rather than look to whether the original claim and would-be counterclaims literally arise out of the same transaction or occurrence, courts must ask whether there is a "logical relationship" between the two claims. *Id.* Under this test, the Court must "determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.* (quotation

omitted). "A partial overlap in issues of law and fact does not compel a finding that two claims are logically related." *Id.*

In this case, DPL's would-be counterclaims do not meet the logical relationship test because they involve separate issues of law and fact from Dent's breach of contract claims. First, Dent's breach of contract claims involve contract law; DPL's cross claims are rooted in tort. Second, the factual issues are distinct. As Judge Hartnett pointed out in her Order denying DPL's Motion for Relief from Judgment, the damage caused by the fire had no bearing on the amounts DPL owed to Dent under the Note. Doc #: 68-8 at 3. The fire occurred on May 2, 2015, the day after the sale transaction closed. *Id.* at 4. There is no evidence that the warehouses were in any way damaged on the date of purchase or at the time of closing. *Id.* Further, the Agreement contained no representations or guarantees regarding the continued condition of the warehouses or the ability of DPL to sell the warehouses for any particular price after the transaction closed. *Id.* Thus, DPL's tort claims regarding the fire damage arose independently of Dent's breach of contract claims and were not compulsory counterclaims in the Stark County action. Accordingly, the Court cannot dismiss DPL's cross claims.

## III. Conclusion

For the foregoing reasons, Dent's Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Oct. 23, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**